UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD JOHN BRENNAN, JR.,

                Plaintiff,

    v.

CHARLES MITCHELL, et al.,

                Defendants.

CASE NO. 2:18-cv-00624-RAJ-BAT

**REPORT AND RECOMMENDATION**

       Plaintiff is a *pro se* prisoner detained at the Snohomish County Jail who has several pending complaints brought under 42 U.S.C § 1983. The Court directed plaintiff to show cause by May 25, 2018, why the Court should not terminate and close this case on the grounds it is duplicative of the complaint he earlier filed in 17-CV-1928-JCC-JPD. On May 22, 2018, plaintiff responded to the show cause order. Dkt. 15. The Court having reviewed the records of this case and the case pending before the Honorable John C. Coughenour concludes this matter is duplicative and therefore recommends it be terminated and closed.

## BACKGROUND

       On December 27, 2017, plaintiff submitted a *pro se* § 1983 complaint which was assigned to the Honorable John C. Coughenour under case number 17-CV-1928-JCC-JPD. On April 30, 2018, plaintiff submitted another *pro se* § 1983 complaint which was assigned to the

Report and Recommendation 1

Honorable Richard A. Jones, under 18-CV-1928-RAJ-BAT.  The case assigned to Judge Coughenour lists 24 defendants, including Charles Mitchell, Alexis Wafstet, Fletcher, Ryakhovskiy, Hoover and Kimberly Parker who are also defendants named in the matter assigned to Judge Jones.  Additionally, the complaint filed under 17-1928-JCC alleges similar claims: staff retaliation, assault, sleep deprivation, max status conditions and consequence, grievance issues, health hazards and deliberate indifference to medical needs, Prison Rape Elimination Act (PREA) issues, and denial of participation in religious observances.  Dkts. 27-33 (17-1928).  The overlap between the two complaints was heightened when plaintiff filed "Exhibits" in this case on May 10, 2018, in which he averred "[a]ll Exhibits are also answered by the defendants to another civil rights action filed in this Court. 17-CV-1928-JCC-JPD filed December 27, 2017."  Dkt. 7 (18-CV-624-RAJ).

Given the overlap between the two § 1983 cases plaintiff has filed, the Court ordered plaintiff to show cause why this case should not be terminated as duplicative of the case filed earlier and which is still pending before the Judge Coughenour.  In response, plaintiff filed a pleading entitled "Motion to show cause."  Dkt. 15.  The pleading avers plaintiff filed an amended complaint in 17-CV-1928-JCC-JPD on April 16, 2018.  *Id.*  The pleading further avers all of the issues raised in the complaint herein "came about after plaintiff filed suit in this case which has no part of the other case except that the same defendants are listed in both case numbers.  In the first filing the elements and constitutional violations different and the entire issues are different."  *Id.*

As discussed below, because the Court finds the complaint filed in this case is sufficiently related to the matter currently before the Judge Coughenour, the Court recommends terminating this matter and closing the case.

Report and Recommendation 2

**DISCUSSION**

Plaintiff has filed two complaints under § 1983 against the same pool of defendants. The Court may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158 (9th Cir. 1992). Plaintiff concedes the two complaints name the same defendants. Although plaintiff contends the lawsuit before this Court involves actions occurring after his first lawsuit, has no part of the other case and alleges different constitutional violations, the record shows otherwise.

First, plaintiff filed an amended complaint in 17-CV-1928-JCC on April 18, 2018. The acts he complains of here, involve acts occurring between March 27, 2018 and April 18, 2018. *See* Dkts. 5, 15. Hence the two complaints cover roughly the same time period.

Second, plaintiff sues Charles Mitchell, Alexis Wafstet, Fletcher, Ryakhovskiy, Hoover and Kimberly Parker in the case before the Court. The complaints against these defendants have been long standing and are related to the case pending before Judge Coughneour. In the complaint filed herein, plaintiff alleges:

> Parker is the reason I continue to be in MAX housing. There are many grievances and kites where Parker has never helped me or assisted to correct my problems. She denied all help that I have requested since June 15, 2017. Parker, Wafstet, Mitchell, and the rest of the employees I listed in this civil right complaint are also listed as defendants in the complaint 17-CV-1928-JCC-JPD.

Dkt.5 at 15. The complaint further alleges:

> By the actions of Parker, Wafstet, Mitchell, Fletcher and Ryakhovskiy all have done cover up and left me to suffer from harassment and mental sexual assault by another inmate. Parker received the PREA report on 4-19-18 and closed it on 4-24-18 and this after he (3) day weekend. She is off Saturday, Sunday and Monday. Now we can see all the Document sent to the Court under 17-CV-1928-JCC-JPD the staff retaliation all document where Mitchell, Wafstet and Parker have stopped all my seeking of help.

Report and Recommendation 3

*Id*. at 16.  Plaintiff also attached exhibits to the amended complaint filed under 17-CV-1928-JCC indicating the claims in this case are directly related to the claims before Judge Coughenour. For instance, plaintiff attached an inmate grievance form dated "3-28-18 to 4-18," in which he discusses his statement against inmate Cooper; how Cooper made threats against plaintiff "to the point of making sexual assault remarks about raping me"; how defendants Fletcher and Ryakhovskiy witnessed this; how plaintiff reported this to defendants Mitchell and Wafstet but that due to housing problems plaintiff had to suffer; and how plaintiff reported this to MHP Hoover and how all the staff ignored plaintiff.  Dkt. 32 at 55 (17-CV-1928-JCC).

In short, although plaintiff claims the complaint herein involves actions occurring after his first lawsuit, has no part of the other case and alleges different constitutional violations, the record shows otherwise.  The Exhibits supporting the amended complaint in the case before Judge Coughenour contains, in fact, a grievance recounting the core complaint contained in the case herein.  The complaint before the Court is accordingly a duplicative complaint raising issues directly related to issues pending before Judge Coughenour in 17-CV-1928-JCC.  It should therefore be terminated and the Clerk of court should be directed to close the matter.

## OBJECTIONS AND APPEAL

Because it makes no sense to have two complaints that cover the same ground go forward simultaneously, the Court recommend this matter be terminated and the case closed.  This Report and Recommendation is not an appealable order. Therefore plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned district judge enters a judgment in the case. Objections to this report and recommendation must filed by **June 8, 2018**. The Clerk shall note the matter for **June 8, 2018**, as ready for the District Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

Report and Recommendation 4

DATED this 25th day of May, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

Report and Recommendation 5